IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEITH WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13-848-R |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

# REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for benefits under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. ____). The parties have briefed their positions, and the matter is now at issue. It is recommended that the Commissioner's decision be **AFFIRMED**.

## I.     Procedural Background

Plaintiff's application for benefits was denied initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 11-25). The Appeals Council denied Plaintiff's request for review, thus the ALJ's decision became the final decision of the Commissioner. This judicial appeal followed.

## II.    The Administrative Decision

The Commissioner followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R.

§ 416.920. The ALJ first determined that Plaintiff had not engaged in substantial gainful activity since February 1, 2009, the alleged disability onset date. (TR. 13). At step two, the ALJ determined that Plaintiff has the severe impairments of

> a seizure disorder; hypertension; HIV positive; choledocholithiasis; acute cholecystitis with obstruction of common bile duct, resolved; upper gastrointestinal bleed secondary to Mallory-Weiss tear, stable and resolved; history of hepatitis C with liver enzymes improved; history of bipolar disorder, stable on medications; hypertension, stable on current medication, depression; a generalized anxiety disorder; alcohol dependence and abuse; marijuana abuse; and tobacco abuse.

(TR. 13-14). At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 17). At step four, the ALJ found that Plaintiff is unable to perform his past relevant work. The ALJ further found that Plaintiff has the residual functional capacity (RFC) to

> perform light work, except that he should avoid concentrated exposure to hazards, such as machinery and heights; should avoid unprotected heights, dangerous moving equipment, and should not drive; he can perform simple and some complex tasks with routine supervision; he can relate to supervisors and peers on a superficial work basis; he can adapt to a work situation; but he cannot relate to the general public.

(TR. 23, 18). At step five of the sequential evaluation process the ALJ, using the Medical-Vocational Rules as a framework and considering the testimony of a vocational expert (VE), determined that jobs existed in significant numbers in the national economy which Plaintiff could perform, namely that of price marker, laundry sorter, and

2

folding machine operator. (TR. 24). Accordingly, Plaintiff was found to be not disabled from February 1, 2009, the alleged onset date, through November 28, 2011, the date of the decision (TR. 25).

### III.  Issues Presented

Plaintiff urges on appeal that the ALJ's decision is not supported by substantial evidence. In particular, Plaintiff argues that the ALJ violated Plaintiff's due process rights; erred in his analysis of Plaintiff's Global Assessment of Functioning (GAF) scores; and erred by not performing a mental RFC assessment.

### IV.  Standard of Review

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

### V.  Analysis

#### A.  Plaintiff's Due Process Claim

Plaintiff first alleges that the ALJ erred in using, as a part of his decision, "evidence unavailable to Mr. Williams or his Attorney. He lists evidence not of record before this Court, but from a 'prior file'." (ECF No. 14:4). Eight separate paragraphs of the ALJ's decision reference the contents of a "(prior file)." These prior files appear to relate to the period beginning January 2003 and ending in February 2004. (TR. 14-15, 19).

3

In order to succeed on his due process claim Plaintiff must show prejudice. *Mays v. Colvin,* 739 F.3d 569, 573 (10th Cir. 2014).

> "Social security hearings are subject to procedural due process considerations." *Yount v. Barnhart,* 416 F.3d 1233, 1235 (10th Cir. 2005). A due process claim will not succeed, however, if the claimant fails to show prejudice. *See Energy W. Mining Co. v. Oliver,* 555 F.3d 1211, 1219 (10th Cir. 2009). Thus, when "a party complains about the *course* of administrative proceedings, that party must demonstrate that the adjudication was infected by some prejudicial, fundamentally unfair element." *Id.* (internal quotation marks omitted); *see Glass v. Shalala,* 43 F.3d 1392, 1396–97 (10th Cir. 1994) (requiring a showing of prejudice for a due-process claim involving social-security proceedings).

*Id.* As argued by the Commissioner, the ALJ did discuss medical evidence that was not a part of the record, but the ALJ cited the evidence only as background information. (ECF No. 16:5). The Commissioner also correctly observed that the evidence predated the adjudicated period by nearly five years; that the ALJ's step three finding cited only evidence of record; and that the "(prior record)" evidence was also mentioned in the current record. (TR. 19, 17-18); (ECF No. 16:5-6).

Thus, it appears that Plaintiff cannot show that the ALJ's error in not including the prior files in the record was prejudicial. Without such a showing, Plaintiff's due process claim fails.

**B. Plaintiff's GAF Scores**

Plaintiff argues that the ALJ erred in not discussing the weight given to Plaintiff's low GAF scores. (ECF No. 14:7-10). In particular, Plaintiff submits that the ALJ "completely missed the boat by really only focusing on Mr. Williams' Major Depressive

4

Disorder (MDD) in light of the overwhelming evidence of multiple psychiatric conditions, hospitalizations, low GAF scores, suicide attempts and powerful psychoactive medications." (ECF No. 14:8).

As to Plaintiff's GAF scores, the ALJ's decision reflects that he fully considered the scores. In particular, the ALJ noted that Dr. Poyner, a consultative psychological examiner assigned Plaintiff a GAF score of 60; that Dr. Pineda, Plaintiff's treating physician, assigned a GAF score of 35 upon admission and later a GAF score of 55 upon discharge (TR. 16). The ALJ also discussed the GAF scores of 31 and 39 attributed to Plaintiff by Debbie Miller, L.C.S.W. (TR. 17). The ALJ gave "great weight" to the opinions of Dr. Pineda and "some weight, but not controlling weight" to the opinion of Ms. Miller (TR. 23).

Although the GAF rating may indicate problems that do not necessarily relate to the ability to hold a job, a GAF score of 51-60 indicates "Moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)." *See American Psychiatric Assoc., Diagnostic and Statistical Manual of Mental Disorders* (DSM-IV), (4th ed. 1994), p. 34.

"While a GAF score may be of considerable help to the ALJ in formulating the RFC, it is not essential to the RFC's accuracy" and taken alone does not establish an impairment serious enough to preclude an ability to work. *Holcomb v. Astrue,* 389 Fed. App'x. 757, 759 (10th Cir. 2010) citing *Howard v. Comm'r of Soc. Sec.,* 276 F.3d 235, 241 (6th Cir. 2002). Indeed, because the GAF scores assigned by Ms. Miller, are the

opinions of a provider who is not an acceptable medical source, see 20 C.F.R. §§ 404.1513(a), 416.913(a), they cannot, by themselves, establish a medically determinable impairment, constitute a medical opinion, or be considered the opinions of a treating source. *Frantz v. Astrue,* 509 F.3d 1299, 1301 (10th Cir. 2007).

The ALJ appears to have discussed and adopted the scores assigned by Dr. Pineda and Dr. Poyner, and the underlying opinions of the physicians who assigned the scores, thus there is no error.

### C. Plaintiff's Mental RFC

Lastly, Plaintiff argues that the ALJ erred by failing to properly develop and discuss Plaintiff's mental RFC. (ECF No. 14:10-13). In particular, Plaintiff urges that the ALJ did not perform the required mental function evaluation, and only stated unsupported conclusions. (ECF No. 14:10-11).

On the contrary, the ALJ thoroughly analyzed the available evidence of Plaintiff's mental impairments. An ALJ is required to identify an individual's functional limitations on a function-by-function basis. SSR 96-8p. The ALJ's decision reflects that he gave "great weight" to the opinions of Dr. Smith, a state agency consultant, who completed a mental RFC assessment in May 2010 in which she found that Plaintiff was moderately limited in his ability to understand, remember and carry out detailed instructions; and markedly limited in his ability to interact appropriately with the general public. (TR. 23, 458-459). Dr. Smith also found that Plaintiff could perform simple and some complex tasks with routine supervision; that he can relate to supervisors and peers on a superficial work basis; that he cannot relate to the general public; and that he can

adapt to a work situation. (TR. 460). Dr. Smith also provided some explanation of her findings. (TR. 474). The ALJ noted that another agency physician, Dr. Kampschaefer, affirmed Dr. Smith's findings. (TR. 23, 525). The ALJ included Dr. Smith's findings in Plaintiff's mental RFC (TR. 18).

The ALJ also stated in support of his mental RFC findings that the consultative psychologist, Dr. Poyner, found that Plaintiff's

> mental status exam was without deficit and he did not appear to be struggling with a serious or pervasive mental illness. . . . it is not believed that Mr. Williams has any psychiatric problems of such severity as to interfere with his daily living, family, recreation, social and/or occupational functioning.

(TR. 22-23). Plaintiff argues that the testimony of his partner establishes greater limitation than recognized in the RFC, however, testimony of symptoms and restrictions alone does not establish disability or functional limitations. (ECF No. 14:9); 20 C.F.R. § 404.1529; SSR 96-7p.

Plaintiff failed to meet his burden at step four to present supported evidence documenting actual functional limitations resulting from his impairments. 20 C.F.R. §§ 404.1528(a), 404.1529. *See Bernal v. Bowen,* 851 F.2d 297, 301 (10th Cir. 1988) (proper focus of a disability determination is not on the diagnosis, but rather on the extent of limitations that prevented claimant from maintaining regular employment).

The ALJ conducted a thorough analysis of the medical evidence and arrived at an RFC determination that is supported by substantial evidence in the medical record and will not be disturbed on appeal.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is supported by substantial evidence and should be **AFFIRMED**.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **March 3, 2015**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on February 17, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE