# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KEITH WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIV-13-848-R |
| | ) | |
| **CAROLYN COLVIN, ACTING** | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Plaintiff filed this action seeking judicial review of the decision of the Commissioner denying his application for benefits under the Social Security Act. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On February 17, 2015, Judge Erwin issued a Report and Recommendation wherein he recommended that the decision of the Commissioner be affirmed. The matter is currently before the Court on Plaintiff's objection to the Report and Recommendation, which gives rise to the Court's obligation to conduct a *de novo* review of any portion of the Report and Recommendation to which Plaintiff makes specific objection. Having conducted this *de novo* review, the Court finds as follows.

In his original brief Plaintiff raised three challenges to the Commissioner's final decision, arguing that the administrative law judge: (1) violated his due process rights by relying on evidence from a "prior file"; (2) erred in not discussing the weight he assigned to Plaintiff's GAF scores; and (3) erred in his assessment of Plaintiff's mental residual functional

capacity. In his objection to the Report and Recommendation Plaintiff addresses only the third error, relying substantially on a case decided by a panel of the Tenth Circuit Court of Appeals during the pendency of this action before Judge Erwin.[1] Accordingly, the Court will limit its review to Plaintiff's third argument, the administrative law judge's assessment of his mental residual functional capacity.

In assessing Plaintiff's mental residual functional capacity, the administrative law judge concluded Plaintiff "can perform simple and some complex tasks with routine supervision; he can relate to supervisors and peers on a superficial work basis; he can adapt to a work situation; but he cannot relate to the general public." Tr. 18. In support of this finding the administrative law judge "considered, and [gave] great weight to the opinions of the State agency psychological consultant's mental assessments," (Tr. 23), including that of Janice Smith, PhD, completed on May 12, 2010. Dr. Smith opined that Plaintiff was moderately limited in "[t]he ability to understand and remember detailed instructions" and in "[t]he ability to carry out detailed instructions." Tr. 458. She opined he was markedly limited in "[t]he ability to interact appropriately with the general public." Tr. 459. In the narrative portion of her report she made the conclusions adopted by the administrative law judge and set forth above. Tr. 460.

To support his contention that the administrative law judge did not make the appropriate mental residual functional capacity assessment, Plaintiff relies on *Jaramillo v.*

---

[1]Plaintiff did not file a notice of supplemental authority while the case was pending before the Magistrate Judge.

*Colvin*, 576 Fed.Appx. 870, 874 (10th Cir. 2014) (unpublished). He contends the administrative law judge erred because he failed to specifically identify how each impairment affected Plaintiff's mental residual functional capacity. While the Court agrees that in certain instances *Jaramillo* applies to demand a more rigorous analysis of a claimant's mental capacity, this is not such a case. Establishment of this point, however, requires inspection of *Jaramillo* and its facts in some detail.

In *Jaramillo*, the administrative law judge limited the claimant to "simple, routine, repetitive, and unskilled tasks." The claimant argued the administrative law judge's assessment violated the requirement of Social Security Ruling 96-8p, which requires that "nonexertional capacity must be expressed in terms of work related functions" or "[w]ork related mental activities." SSR-96-8p, 1996 WL 374184. Mr. Jaramillo also relied on SSR 85-15, which notes a distinction between mental functions and skill level:

> Because response to the demands of work is highly individualized, the skill level of a position is not necessarily related to the difficulty an individual will have in meeting the demands of the job. A claimant's condition may make performance of an unskilled job as difficult as an objectively more demanding job . . . Any impairment-related limitations created by an individual's response to demands of work . . . must be reflected in the residual functional capacity assessment.

SSR-85-15, 1995 WL 56857, at *6. The court agreed with Mr. Jaramillo, but only in part, the distinction being determinative in this case.

Mr. Jaramillo had been examined by two consultative examiners and a third consultative examiner had reviewed his records and made an assessment. The administrative law judge attributed great weight to the opinions of the two examining doctors, Dr. Wynne

3

and Dr. Mellon. Dr. Wynne had assessed Plaintiff as having "mild limitations in the ability to concentrate and persist at simple tasks." The non-examining doctor, Dr. Walker, whose assessments the administrative law judge did not specifically mention, included a narrative, which was recited by the administrative law judge in Plaintiff's residual functional capacity, that the claimant "can understand, remember, and carry out simple instructions, make simple decisions, attend and concentrate for two hours at a time, interact adequately with co-workers and supervisors and respond appropriately to changes in a routine work setting." Dr. Mellon, the third doctor, found Mr. Jaramillo was moderately limited in his ability to carry out instructions, attend and concentrate and work without supervision and additional limitations that were inconsistent with simple, routine repetitive tasks.

>The court noted:
>
>Under SSR 85-15, "[t]he basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting. SSR 85-15, 1985 56857, at *4 (1985). These abilities are examples of work-related mental functions. *See* SSR 96-8p, 1996 WL 374184, at *6. Therefore, a limitation to unskilled work or, as the ALJ phrased it here, "unskilled tasks," could be used as shorthand for the specific mental abilities described in SSR 85-15, and that is how we read the ALJ's decision in this case.

*Id.* at 875.

Here, like in *Jaramillo*, the administrative law judge's language tracks the actual language of SSR 85-15. The administrative law judge concluded Plaintiff can perform work involving simple instructions. Furthermore, nothing in the moderate limitations in the opinion

4

expressed by Dr. Smith and adopted by the administrative law judge exceeds the basic mental demands of unskilled work as described in SSR 85-15. The Court in *Jaramillo* stated "[A]lthough this court has noted a distinction between skill level and mental functions, *see e.g, Chapo*, 682 F.3d at 1290 n. 3, the distinction does not apply here with respect to Dr. Wynn's mild limitation or the mental capacities set out in Dr. Walker's section III narrative." In short, the basic mental abilities of unskilled work contained in SSR 85-15 are not inconsistent with the moderate limitations found by the administrative law judge here, because unlike *Jaramillo*, the consultative examiners herein did not impose moderate limits on Plaintiff's ability to carry out instructions, regardless of whether they were simple or complex, or to attend and concentrate or work without supervision. Rather, the moderate limits were consistent with the administrative law judge's residual functional capacity, which did not provide that Plaintiff could follow complex instructions. As such, the Court rejects Plaintiff's contention that *Jaramillo* controls the outcome of his case in favor of reversal, finding instead that it supports Judge Erwin's conclusion.

For the reasons set forth herein, the Report and Recommendation is adopted in its entirety and the decision of the Commissioner is hereby affirmed.

IT IS SO ORDERED this 5th day of March, 2015.

---
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE